UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTONIO PORTER,

                                Plaintiff,

          -against-

SERVICES FOR THE UNDERSERVED and MR. SING, Caseworker,

                                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
23-CV-7774 (LDH) (LB)

---

LASHANN DEARCY HALL, United States District Judge:

        Antonio Porter ("Plaintiff"), proceeding pro se, brings the instant action against Services for the Underserved and "Mr. Sing, caseworker" ("Defendants"), alleging violations of the American with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Plaintiff's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) is granted. For the reasons discussed below, the Complaint is dismissed. Plaintiff is granted 30 days leave from the date of this Order to file an amended complaint.

## BACKGROUND

        The Complaint consists of entries on a form complaint for civil actions. Plaintiff states that he is unemployed and that "these company [*sic*] have block [*sic*] my unemployment so I have not been able to pay rent, light and gas." (Compl., at 5, ECF No. 1.) He does not identify the company or companies. The only relief Plaintiff seeks is "for light and gas to be turned on. Pay back rent that I owe to [landlord]." (*Id.* at 5.) Plaintiff attaches a rent statement indicating that he owes $12,736.90 in rent arrears to Services for the Underserved. (*Id.* at 8.)

## STANDARD OF REVIEW

        A complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss sua sponte an in forma pauperis action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *accord. Yong Qin Luo v. Mikel,* 625 F.3d 772, 775 (2d Cir. 2010); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and

may not preside over cases if subject matter jurisdiction is lacking."). A lack of subject matter jurisdiction "is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("[W]ith mounting federal case loads, ... it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of [the minimum statutory jurisdictional amount.]") (omission and parentheticals in original; citation omitted)

Here, Plaintiff asserts that the Court has both diversity and federal question jurisdiction over his claims. (Compl., at 4.) As to diversity jurisdiction, however, Plaintiff provides addresses in New York for all parties. (*Id.* at 2–3.) Moreover, Plaintiff does not claim money damages that exceed $75,000. Thus, the Court does not have diversity jurisdiction over Plaintiff's claims. As to federal question jurisdiction, Plaintiff indicates that the Americans with Disabilities Act ("ADA") is at issue in this case. (*Id.* at 4.) However, even construing Plaintiff's claims liberally, as the Court must, Plaintiff's claims are not premised on any violation of the

3

ADA.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  And Title III of the ADA, proscribes discrimination in "places of public accommodation," which includes "an inn, hotel, motel or other place of lodging." 42 U.S.C. § 12181(7)(A).  Nothing in the Complaint suggests that Plaintiff was denied any services or otherwise subjected to discrimination, let alone because of any disability.  Plaintiff only states that he is unemployed and needs his rent and utilities paid.  Plaintiff does not allege a single action or inaction by Defendant that the Court may construe as discriminatory conduct.  Thus, Plaintiff's attempt to invoke the ADA as the basis for the Court's subject matter jurisdiction fails.

The Court has also considered whether Plaintiff intended to allege claims under the Fair Housing Act ("FHA") or the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq*.  The FHA forbids discrimination in housing on the basis of race, color, religion, sex, familial status, national origin and disability.  *See* 42 U.S.C. § 3604.  The FHA applies to private landlords, as well as to providers of public housing.  Section 3604(f) of the FHA makes it unlawful "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter," or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person."  42 U.S.C. § 3604(f)(1)–(2).  Disability discrimination prohibited by the FHA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C.  § 3604(f)(3)(B).  In this case, Plaintiff has

4

not claimed that he is disabled or that Defendants failed to accommodate his disabilities. In fact, Plaintiff does not indicate that the Defendants did anything at all. As Plaintiff has not alleged that Defendants owed him any duty or harmed him in any way, his claims are dismissed.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). However, in light of this Court's duty to liberally construe pro se complaints, Plaintiff is given 30 days leave to file an amended complaint. If he has a disability and wants to assert claims under the Fair Housing Act, he must identify his disability status and show that he was discriminated against in housing because of a disability or refused a reasonable accommodation. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order. An amended complaint completely replaces prior complaints and must therefore include all of the facts and arguments and exhibits in support of his claims. If Plaintiff does not submit an amended complaint within 30 days from the date of this Order, judgment shall enter dismissing this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *Coppedge v. United States,* 269 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a civil rights complaint form.

SO ORDERED.

Dated: Brooklyn, New York　　　　　　　　　　/s/ LDH
　　　　February 15, 2025　　　　　　　　　　LaSHANN DeARCY HALL
　　　　　　　　　　　　　　　　　　　　　　United States District Judge